MARSHALL FIELD & CO. ET AL. *v*. UNITED STATES

No. 6728.—Invoices dated Newmill, Elgin, England, September 30, 1941, etc.
Certified October 7, 1941, etc.
Entered at Chicago, Ill., November 8, 1941, and at New York, N. Y., June 7, 1946, etc.
Entry Nos. 1492, 766797, etc.

(Decided January 9, 1947)

*James W. Bevans* for the plaintiffs.
*Paul P. Rao*, Assistant Attorney General, for the defendant.

TILSON, Judge: The appeals listed in schedule A, hereto attached and made a part hereof, raise the question of the correctness of the action of the appraiser in including as a part of the dutiable values of the merchandise the amount of a so-called British purchase tax. The record upon which these appeals have been submitted establishes that the issues herein are similar in all material respects to the issues involved in *United States* v. *Pitcairn*, C. A. D. 334, and the record in that case has been admitted in evidence in this case.

Upon the established facts and the law applicable thereto, I find and hold the proper dutiable export values of the merchandise covered by these appeals to be the values found by the appraiser, less any amounts added by the importers on entry to meet advances made by the appraiser in similar cases then pending on appeal.

Judgment will be rendered accordingly.

A. W. SALTER & CO., INC., ET AL. *v*. UNITED STATES

No. 6729.—Invoices dated Longton, England, April 30, 1945, etc.
Entered at New York, N. Y., July 6, 1945, etc.
Entry No. 700250, etc.

(Decided January 9, 1947)

*Jordan & Klingaman* for the plaintiffs.
*Paul P. Rao*, Assistant Attorney General, for the defendant.

KEEFE, Judge: The appeals for reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

(Stipulation omitted.)

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the additions made by the importers on entry because of advances by the appraiser in similar cases.

Judgment will be rendered accordingly.